CRAWLEY, Judge,
concurring in part and dissenting in part.
I agree with Judge Yates that Hiatt failed to present substantial evidence in support of his retaliatory discharge claim. I also agree that Hiatt’s claim alleging fraudulent misrepresentation is not barred by the exclusivity provisions of the Workers’ Compensation Act; however, I conclude that Hiatt failed to present clear and convincing evidence in support of his fraudulent misrepresentation as required by Lowman, supra. I would affirm the trial court’s summary judgment for Standard Furniture on that claim as well.
Clear and convincing evidence is defined in the Workers’ Compensation Act as:
“evidence that, when weighed against evidence in opposition, wifi produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a *413 preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.”
Ala.Code 1975, § 25-5-81(c). Judge Yates states that Hiatt’s testimony that he was told that his employment was terminated and therefore did not return to work by a deadline set out in a letter is clear and convincing evidence of a fraudulent misrepresentation. I conclude that Hiatt’s testimony is not “clear and convincing” evidence, as that term is defined in § 25-5 — 81(c) of fraudulent misrepresentation.
THOMPSON, J., concurs.